UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLEXIWORLD TECHNOLOGIES INC, <br><br> Plaintiff, <br> v. <br><br> AMAZON.COM INC, <br><br> Defendant. | CASE NO. 2:21-cv-01055-DGE <br><br> ORDER FOR SUPPLEMENTAL BRIEFING |

On February 13, 2025, Defendant Amazon.com Inc. ("Amazon'") moved to supplement its invalidity contentions. (Dkt. No. 195.) The accompanying declaration, which is 2,547 pages in total, includes: the cover pleading from Amazon's 2021 Final Invalidity Contentions ("FIC"), served April 9, 2021; a copy of one of the exhibits attached to the 2021 FIC; the cover pleading from Amazon's Supplemental Invalidity Contentions ("SIC"), served on January 31, 2025; and the claim charts attached to Amazon's SICs. (Dkt. No. 196 at 2.)

Amazon claims that the "unique procedural history" of the case justifies the request for leave to amend. (Dkt. No. 95 at 5.) Since Amazon last served its contentions in April of 2021,

"the case has undergone two rounds of claim construction briefing and hearings, an intervening venue transfer, and then a twenty-one month stay," Amazon emphasizes. (*Id*.) Moreover, in October of 2024, Plaintiff Flexiworld Technologies Inc. ("Flexiworld") amended its complaint. (Dkt. No. 180.) Amazon avers that "Amazon's supplemental contentions respond to new allegations and theories set forth for the first time in Flexiworld's amended complaint." (Dkt. No. 195 at 11.) Accordingly, Amazon argues, it is timely and proper to seek to amend its invalidity contentions now—four years late. (*Id*. at 10–15.)

Contrastingly, Flexiworld objects that the amended complaint does not justify the request for leave because "[t]he additional allegations in the amended complaint concerned one issue (subject matter eligibility under § 101)—and even as to that, those amendments responded to Amazon's positions in its final contentions." (Dkt. No. 197 at 5.) As Flexiworld points out, the new invalidity contentions "include over 2,200 pages of new anticipation/obviousness charts [and] identify over 500 new alleged prior art references." (*Id*. at 9.) "The idea that Flexiworld's amendments somehow justify additional section 102, 103, 112, or lack of priority theories from Amazon makes no sense," Flexiworld maintains. (*Id*. at 11.)

Both parties cannot be right. Accordingly, the Court ORDERS that the Parties prepare supplemental briefing that identifies with specificity *how* Amazon's SICs respond—or fail to respond—to the "new allegations and theories set forth" in Plaintiff's amended complaint. The briefing must not merely argue that it is or is not responsive, but identify the new allegations and theories and then explain *why and how* each SIC is responsive. Additionally, Defendant SHALL attach a redlined version of the SICs showing how they differ from the 2021 FICs.

Defendant SHALL file a brief that is no more than 20 pages by Wednesday, April 30, 2025. Plaintiff SHALL file a responsive brief of no more than 20 pages by Friday, May 9, 2025. IT IS SO ORDERED.

Dated this 18th day of April, 2025.

David G. Estudillo
United States District Judge

ORDER FOR SUPPLEMENTAL BRIEFING - 3